# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT A. BONDURANT,**
        Plaintiff,

    v.                              Case No. 13-C-1093

**DOUG LA FOLLETTE, Secretary of State of Wisconsin, and THE FEDERAL ELECTION COMMISSION,**
        Defendants.

## DECISION AND ORDER

The plaintiff, Robert A. Bondurant, filed a document with this court entitled "Petition, Motion & Complaint Seeking to Over Turn the Presidential Elections of 2006 [sic] and 2012." He has since filed a document entitled "Amended Petition & Complaint to Determine the Meaning of Natural-Born Citizen as is Defined by the U.S. Constitution." In these documents, plaintiff alleges that the Wisconsin Secretary of State and the Federal Election Commission wrongfully certified Barack Obama as a candidate for president in 2008 and 2012 because he is not a natural-born citizen within the meaning of Article II, section 1 of the United States Constitution. For relief, he seeks to have the court declare the certifications void.

Federal courts are courts of limited jurisdiction, and I must examine newly filed complaints to ensure that they properly allege federal jurisdiction. See Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997); Wisconsin Knife Works v. National Metal Crafter, 781 F.2d 1280, 1282 (7th Cir. 1986). In the present case, it is obvious that this court does not have jurisdiction over plaintiff's claims because he does

not have standing to challenge the defendants' certifications. To establish standing, a plaintiff must show: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (omissions in original) (internal quotation marks and citations omitted). Moreover, a litigant's interest cannot be based on the "generalized interest of all citizens in constitutional governance." Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974); see also United States v. Richardson, 418 U.S. 166, 173–78 (1974) (taxpayer's generalized grievance insufficient for standing). Here, the plaintiff has suffered no concrete and particularized invasion of his legally protected interests. Rather, his claim is founded on the generalized interest of all citizens in constitutional government. Therefore, the plaintiff lacks standing to sue. Other courts that have considered claims alleging that President Obama is not a natural-born citizen have likewise concluded that the plaintiffs' bringing such claims lacked standing to sue. See, e.g., Drake v. Obama, 664 F.3d 774, 779–84 (9th Cir. 2011); Berg v. Obama, 586 F.3d 234, 237–42 (3d Cir. 2009).

Accordingly, **IT IS ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee is **DENIED** as **MOOT**.

Finally, **IT IS ORDERED** that the Clerk of Court enter judgment.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge